IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WILLIAM G. MOORE, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09CV711–HEH |
| ) | |
| FRANKLIN CREDIT ) | |
| MANAGEMENT CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Granting Motion for Judgment on the Pleadings)

This case is brought under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (TILA). Plaintiff asks for declaratory judgment, specifically rescission of a mortgage loan refinance transaction and alteration of the timing of tender. It is presently before the Court on Defendants' Motion for Judgment on the Pleadings. All parties have filed memoranda in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons stated herein, Defendants' motion is granted.

### I.

Plaintiff William G. Moore, Jr. ("Moore") entered into a mortgage refinance transaction with Defendant Tribeca Lending Corporation ("Tribeca") for his residence at 4415 Everville Drive in Richmond, Virginia. Tribeca is a subsidiary of Defendant

Franklin Credit Management Corporation ("Franklin Credit"). On August 23, 2007, Plaintiff executed a promissory note and deed of trust with Tribeca that placed a security interest in Moore's residence. At the loan closing, Tribeca provided Moore with disclosures under TILA that provided, among other things, an explanation of the finance charges. In his Complaint, Moore alleges that Defendants materially under disclosed the finance charges. Specifically, Moore alleges that Tribeca required him to pay $93 for recording fees while "this should have cost no more than $62." Compl. ¶ 11. Moore further contends that "Tribeca required Moore to pay $200 in title search fees" while "the cost of performing a title search in April 2007 was no more than $150." Id.

On October 20, 2009, Moore sent a notice of rescission to Franklin attempting to unwind the refinance transaction while a non-judicial foreclosure of Moore's residence was pending. Plaintiff has not indicated a present ability to tender the outstanding balance on the underlying loan. Defendants have taken no action as to the request for rescission.

On November 12, 2009, Moore brought the present suit seeking a declaratory judgment that he has properly rescinded the refinance agreement and requesting a judicial determination of the amount he is required to tender. Moore also asks the Court to alter the timing of tender to allow him to obtain a new loan or sell his residence. On March 13, 2010, Defendants filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure seeking dismissal of all of Plaintiff's claims.

## II.

A motion for judgment on the pleadings under Rule 12(c) utilizes the same standard as a motion made pursuant to Rule 12(b)(6). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). In considering a motion to dismiss under Rule 12(b)(6) or Rule 12(c), the Court must assume that the allegations in the non-moving party's pleadings are true and construe all facts in the light most favorable to the non-moving party. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party," indicate that the dispute "can . . . be decided as a matter of law." *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000); *see also A.S. Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 192 (4th Cir. 1964) (discussing whether "it was proper to enter judgment as a matter of law" under Rule 12(c)).

Traditionally, a motion to dismiss under 12(b)(6), or by extension a motion for failure to state a claim under 12(c), "tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C.*, 980 F.2d at 952. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is

3

plausible on its face." *Twombly*, 550 U.S. at 570. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

As Judge Niemeyer noted in *Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009), this analysis is context-specific and requires the "reviewing court to draw on its judicial experience and common sense." *Id.* at 193. The court also noted in *Giacomelli* that "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

### III.

TILA gives borrowers in certain consumer credit transactions the right to rescind the contract within three business days. 15 U.S.C. § 1635(a). The right to rescind can extend to three years if the borrower does not receive the required disclosures. § 1635(f). Among the disclosures that the creditor must make is the "finance charge." § 1638(a).

Section 1605 defines "finance charge" as "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." § 1605(a). "The finance charge shall not include fees and amounts imposed by third party closing agents (including settlement agents, attorneys, and escrow and title companies) if the creditor does not require the imposition of the charges or the services provided and does not retain the charges." *Id.* This exclusion is further clarified in "Regulation Z" which states that:

> Fees charged by a third party that conducts the loan closings (such as a settlement agent attorney, or escrow or title company) are finance charges only if the creditor:
> (i) Requires the particular services for which the consumer is charged;
> (ii) Requires the imposition of the charge; or
> (iii) Retains a portion of the third-party charge, to the extent of the portion retained.

12 C.F.R. § 226.4(2).

Plaintiff alleges in his Complaint that "Tribeca required Moore to pay $93.00 in recording fees" and that "Tribeca required Moore to pay $200.00 in title search fees." Compl. ¶ 11. Bona fide title fees and recording fees are excluded from the finance charge under 15 U.S.C. § 1635(d) and (c), respectively. *Cetto v. LaSalle Bank Nat'l Ass'n*, 518 F.3d 263, 268 (4th Cir. 2008) (title search fees); *Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371, 1382 (11th Cir. 1984) (recording fees). District Courts have held however that overpayments, under some circumstances, maybe treated as part of the finance charge. *Frazier v. Accredited Home Lenders, Inc.*, 607 F. Supp. 2d 1254, 1261 (M.D. Ala. 2009); *Payton v. New Century Mortgage Corp.*, Nos. 03 C 333, 03 C 703, 2003 WL

22349118, at *4 (N.D. Ill.2003)). In the instant case, however, these charges were imposed by a closing agent and are only included in the finance charge if the creditor "[r]equires the particular service . . . [r]equires the imposition of the charge; or . . . [r]etains a portion of the third-party charge, to the extent of the portion retained." 12 C.F.R. § 226.4(2).

Speaking to this requirement, Defendants argue that Plaintiff has failed to adequately plead sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's Complaint states only that "Tribeca required Moore to pay $93.00 in recording fees" and that "Tribeca required Moore to pay $200.00 in title search fees." Compl. ¶ 11. The Court finds Chief Judge Spencer's recent opinion in *Stuart v. LaSalle Bank National Ass'n*, 3:09-CV-459 (E.D. Va. Feb. 11, 2010), instructive on this point. In that case, Chief Judge Spencer found that Plaintiff's bald allegation that "Aegis required Stuart to pay a notary fee of $250.00" "provide[d] insufficient factual support that Aegis required the notary fee." *Id.* at 8. Spencer dismissed the case for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.*

The Court finds that the same logic applies to the immediate case. Plaintiff's statements that "Tribeca required Moore to pay $93.00 in recording fees" and that "Tribeca required Moore to pay $200.00 in title search fees," Compl. ¶ 11, are "naked assertions of wrongdoing" without "some factual enhancement within the complaint to

cross the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. Plaintiff has thus failed to sufficiently plead a violation of TILA. Defendants' Motion for Judgment on the Pleadings is granted in favor of the Defendants and the case is dismissed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 2, 2010
Richmond, VA

7